# EXHIBIT A

Peter Winebrake, Esq. (Attorney ID No. 80496)
R. Andrew Santillo, Esq. (Attorney ID No. 93041)
Mark J. Gottesfeld, Esq. (Attorney ID No. 307752)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

Filed and Attested by
PROTHONOTARY
05 APR 2013 04:26 pm
S. GARRETT

*Counsel for Plaintiffs and the Putative Class (Additional Counsel Listed on Signature Page)*

| | |
|---|---|
| DAVID VERDERAME, | : PHILADELPHIA COUNTY |
| | : COURT OF COMMON PLEAS |
| Plaintiff, | : |
| v. | : CLASS ACTION |
| | : |
| RADIOSHACK CORPORATION, | : NON-JURY TRIAL |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT -- CLASS ACTION
### 1O — Contract: Other

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania  19107
(215) 238-1701

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus  defenses o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandan contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidira favor del demandante y require que usted cumplacon todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania  19107
(215) 238-1701

Case ID: 130401055

Plaintiff David Verderame ("Plaintiff") brings this class action lawsuit against Defendant RadioShack Corporation ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.*  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## PARTIES

1.      Plaintiff is an individual residing at 301 Clifford Road, Selinsgrove, Pennsylvania 17870.

2.      Plaintiff is an employee covered by the PMWA and entitled to its protections.

3.      Defendant is a company registered to do business in the Commonwealth of Pennsylvania and maintaining a principal place of business at 300 RadioShack Circle, Fort Worth, Texas 76102.  According to the Pennsylvania Department of State Corporation database, Defendant has a Registered Office Address at 123 South Broad Street, Philadelphia, Pennsylvania 19109.

4.      Defendant is an employer covered by the PMWA and required to comply with its overtime pay mandates.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendant.

6.      Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendant regularly conducts business in Philadelphia County, has a Registered Office Address within Philadelphia County, and has store locations within Philadelphia County.

Case ID: 130401055

## FACTS

7.      According to its most recent Annual Report, Defendant "primarily engage[s] in the retail sale of consumer electronics goods and services through [its] RadioShack store chain."

8.      As of December 31, 2011, Defendant, according to its most recent Annual Report, operated 288 "Company-Operated Stores, Kiosks and Dealer Locations" within the Commonwealth of Pennsylvania.  These locations shall be referred to herein as "the Pennsylvania Stores."

9.      At least three of Defendant's Pennsylvania Stores are located within Philadelphia County.

10.      Defendant employs hundreds of individuals at the Pennsylvania Stores.

11.      Most Pennsylvania Store employees receive overtime premium compensation for hours worked over 40 during the workweek.  Some of these overtime-eligible employees are paid on a salary basis and have their overtime premium compensation calculated pursuant to the "fluctuating workweek" methodology described at 29 C.F.R. § 778.114 when they work over 40 hours in a single workweek.

12.      Upon information and belief, Defendant has utilized the fluctuating workweek method to calculate the overtime premium compensation of over 100 Pennsylvania Store employees during the three-year time period applicable to this lawsuit.

13.      The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular pay rate for all hours worked over 40 in a workweek.  *See* 43 P.S. § 333.104(c).  However, under the "fluctuating workweek" methodology, salaried employees do not receive overtime premium compensation in the full time-and-one-half amount required by the PMWA.  Instead, under the fluctuating workweek

3

Case ID: 130401055

method, employees receive for each credited overtime hour an extra payment equaling **one-half** of the rate arrived at by dividing the employee's weekly salary by the total number of hours worked during the week.  *See* 29 U.S.C. § 778.114; *Foster v. Kraft Foods Global, Inc.*, 285 F.R.D. 343, 344-45 (W.D. Pa. 2012) (discussing fluctuating workweek method).

14.     The fluctuating workweek method of overtime compensation is impermissible under the PMWA.  *See*, *e.g.*, *Foster*, 285 F.R.D., at 348.

15.     From approximately January 24, 2012 until approximately November 6, 2012, Plaintiff was employed by Defendant as a Store Manager and assigned to its retail store locations in Pennsdale, Pennsylvania.

16.     As Store Manager, Plaintiff received a weekly salary and when credited by Defendant with working over 40 hours in a single workweek, he was paid overtime compensation pursuant to the fluctuating workweek method.

17.     Through Defendant's illegal use of the fluctuating workweek methodology of overtime compensation, Plaintiffs and other class members throughout the three-year period relevant to this lawsuit have been underpaid for hours credited by Defendant and worked over 40 in a workweek.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action on behalf of himself and as a class action on behalf of all Pennsylvania Store employees who, during any workweek since April 5, 2010, had their overtime pay calculated pursuant to the fluctuating workweek method.

19.     This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.

20.     The Class is so numerous that joinder of all individual members is impracticable,

Case ID: 130401055

and the class members are objectively ascertainable based on payroll data maintained or controlled by Defendant.

21.     Defendant's conduct with respect to Plaintiff and the class raises questions of law or fact that are common to the entire class.  In particular, during the relevant class period, Defendant's maintained the common practice of calculating overtime premium pay under the "fluctuating workweek" methodology, as described herein.  The facts and evidence pertaining to this companywide practice are common to the class.

22.     Plaintiff's claims and Defendant's corresponding defenses are typical of the claims or defenses applicable to the entire class because, *inter alia*, all claims are based on the same legal theories and remedies.  Furthermore, Plaintiff's assertion that Defendant's use of the fluctuating workweek violates the PMWA is sufficiently aligned with the interests of the class as a whole so that pursuit of Plaintiff's own interests will benefit the class as a whole.

23.     Plaintiff will fairly and adequately assert and protect the interests of the class because, *inter alia*, (a) Plaintiff is represented by experienced class action counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class; (b) Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursuing this action on behalf of the class; and (c) Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

24.     A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

(a)     The previously mentioned common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member;

5

Case ID: 130401055

(b)      All class members are easily identifiable through Defendant's records and computer files, and no foreseeable difficulties in the management of this action as a class action exists;

(c)      The monetary damages sought on behalf of the class are readily calculated and attributable to class members;

(d)      The injunctive relief sought on behalf of the class is easily administered and enforceable;

(e)      Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual class members were to commence independent actions in various courthouses throughout the Commonwealth;

(f)      Plaintiff is not aware of any other private civil actions commenced by or against the class members concerning the issues raised in this action;

(g)      Because Defendant conducts a substantial amount of business in Philadelphia County, this Court is an appropriate forum for the litigation of the claims of the entire class;

(h)      The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence concerning, *inter alia*, Defendant's common timekeeping, compensation, and payroll practices.  The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive.  The class action device, when compared to multiple proceedings, presents far fewer

Case ID: 130401055

management difficulties and provides the benefits of unitary adjudication,

economies of scale, and comprehensive supervision by a single court.

Concentrating this litigation in one forum promotes judicial economy and

efficiency and promotes parity among the claims of individual class members as

well as judicial consistency.  Thus, the conduct of this action as a class action

conserves the resources of the parties and the court system, protects the rights of

each class member, and meets all due process requirements as to fairness to

Defendant.  Adequate notice of this class action can be provided to class members

by hand distribution and/or direct mail; and

(i)     Because the damages sustained by individual class members are

relatively small compared to the resources of Defendant and the costs of

individual litigation, it is impracticable and unrealistic for individual class

members to independently pursue litigation against Defendant in order to

vindicate their rights.

## COUNT I

25.     All previous paragraphs are incorporated as though fully set forth herein.

26.     Defendant is an employer covered by the PMWA's mandates, and Plaintiff and

other class members are employees entitled to the PMWA's protections.

27.     The PMWA requires that employees receive overtime compensation "not less

than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a

workweek.  *See* 43 P.S. § 333.104(c).

28.     As described herein, Defendant violated the PMWA by calculating the overtime

premium compensation due to Plaintiff and the class members when credited with working over

7

Case ID: 130401055

40 hours in a single workweek based on the fluctuating workweek method, even though such method is not permitted under the PMWA.  *See*, *e.g.*, *Foster*, 285 F.R.D., at 348.

29.     As a result of Defendant's illegal conduct, Plaintiff and the class members have received overtime payments that are significantly less than the payments they would have received in the absence of the fluctuating workweek method.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, seeks the following relief:

A.     An injunction prohibiting Defendant from engaging in future PMWA violations;

B.     Unpaid overtime wages to the fullest extent permitted under the law;

C.     Prejudgment interest to the fullest extent permitted under the law;

D.     Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

E.     Such other and further relief as this Court deems just and proper.

Date:  April 5, 2013                    /s/ R. Andrew Santillo
                                        Peter Winebrake (PA Attorney No. 80496)
                                        R. Andrew Santillo (PA Attorney No. 93041)
                                        Mark J. Gottesfeld (PA Attorney No. 307752)
                                        WINEBRAKE & SANTILLO, LLC
                                        715 Twining Road, Suite 211
                                        Dresher, PA 19025
                                        Phone:  (215) 884-2491

                                        Paul J. Lukas, Esq.*
                                        Timothy Selander, Esq.*
                                        NICHOLS KASTER, PLLP
                                        4600 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN  55402
                                        Phone:  (612) 256-3200

                                        *pro hac vice* admission anticipated

                                        *Attorneys for Plaintiff*

8

Case ID: 130401055

## VERIFICATION

I, DAVID VERDERAME, hereby state:

1.      I am a plaintiff in this action;

2.      I verify that the statements made in the foregoing document, entitled
"COMPLAINT – CLASS ACTION," are true and correct to the best of
my knowledge information and belief; and

3.      I understand that the statements in the document are subject to the
penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to
authorities.

Dated: 4/4/13

Signature

Case ID: 130401055