IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DAVID VERDERAME, | : | |
| | : | |
| Plaintiff, | : | 2:13-cv-02539-MSG |
| | : | |
| v. | : | |
| | : | |
| RADIOSHACK CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Date:  October 24, 2013

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone:  (215) 884-2491

Paul J. Lukas*
Timothy Selander*
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Phone:  (612) 256-3200

*admitted *pro hac vice*

*Attorneys for Plaintiff*

i

## TABLE OF CONTENTS

I.    **THE FACTS AND LEGAL CLAIM** ................................................... 2

II.   **ARGUMENT** ........................................................................... 3

    A. **The FWM and Its Detrimental Impact on Employee Overtime Compensation** ................................................................... 3

    B. **The PMWA Lacks Any Equivalent to the FWM** ................................... 6

        *1.  The PMWA Generally Requires that Employees Receive Extra Overtime Compensation Calculated at One and One-Half Times the Regular Pay Rate* ........................................... 6

        *2.  Even Though the FWM Was Implemented Long Before the PMWA, the PMWA Regulations Do Not Include an FWM Exception to the General Rule that Employees Receive Extra Overtime Compensation Calculated at One and One-Half Times the Regular Pay Rate* ........................................... 6

        *3.  The PMWA Regulations Explicitly Use the "Half-Time" Terminology to Indicate Specific Exceptions to the General Rule that Overtime Compensation Must be Calculated at One and One-Half Times the Regular Pay Rate* ........................... 7

        *4.  34 Pa. Code § 231.43(d)(3) Does Not Authorize the FWM* ......... 8

    C. **The PMWA is More Employee-Friendly than the FLSA, and FLSA Overtime Restrictions Do Not Apply to the PMWA in the Absence of Clear Statutory or Regulatory Language** ................. 8

    D. **Defendant Is Liable Because Neither the PMWA Nor the PMWA Regulations Adopt the FWM** ................................................. 13

III.  **CONCLUSION** ...................................................................... 17

## TABLE OF AUTHORITIES

**CASES**

Alaka v. Attorney General, 456 F.3d 88 (3d Cir. 2006) .................................................16

Bayada Nurses, Inc. v. Pa. Dept. of Labor & Indus., 8 A.2d 866 (Pa. 2010)......... 9-11, 15

Bordell v. Geisinger Med. Cent., 2013 Pa. Dist. & Cnty. Dec. LEXIS 37
    (Pa. C.C.P., Northumberland Cty. May 6, 2013) .......................................11-12, 15

Cerutti v. Frito lay, Inc., 777 F. Supp. 2d 920 (W.D. Pa. 2011) ............................. 1, 8, 15

Cheng v. Attorney General of the United States, 623 F.3d 175 (3d Cir. 2010) ..............14

Dacar v. Saybolt LP, 2011 U.S. Dist. LEXIS 6677, *4 (E.D.N.C. Jan. 24, 2011) .............. 5

Dir., Labor and Indus. Div. v. Echostar Communications Corp.,
    134 P.3d 780 (N.M. Ct. App. 2006).........................................................................1

Dresser Indus., Inc. v. Alaska Dept. of Labor, 633 P.2d 998 (Alaska 1981) ...................1

Foster v. Kraft Foods Global, Inc., 285 F.R.D. 343 (W.D. Pa. 2012).....................passim

Friedrich v. U.S. Computer Servs., Inc., 833 F. Supp. 470 (E.D. Pa. 1993) .............4, 5, 7

Greenfish II, L.P. v. Int'l Portfolio, Inc.,
    2012 U.S. Dist. LEXIS 102661 (E.D. Pa. July 24, 2012).....................................14

Hamden v. Rumsfeld, 548 U.S. 557 (2006).................................................................16

Hasan v. GPM Invs., LLC, 896 F. Supp. 2d 145 (D. Conn. 2012)................................... 4

In re: Cargill Meat Solutions Wage & Hour Litig.,
    632 F. Supp. 2d 368 (M.D. Pa. 2008)...............................................................9, 13

Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) ................................................. 9

LeClair v. Diakon Lutheran Soc. Ministries, 2013 Pa. Dist. & Cnty. Dec. LEXIS 1
    (Pa. C.C.P., Lehigh Cty. Jan. 14, 2013) ......................................................11-12, 15

Lewis v. Atlas Van Lines, Inc., 542 F.3d 403 (3d Cir. 2008)........................................14

Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158 (2007) ...................................... 9

Mitchell v. Firstrust Mortgage, Inc.,
    2013 U.S. Dist. LEXIS 16563 (D. Kan. Feb. 7, 2013) ............................................ 5

Overnight Motor Transp. Co. v. Missel, 316 U.S. 572 (1942) ........................................... 4

Pa. Dept. of Labor & Indus. v. Whipple,
    6 Pa. D. & C. 4th 418 (Pa. C.C.P., Lycoming Cty. 1989) .................................9, 13

Pac. Merch. Shipping Ass'n v. Aubry, 918 F.2d 1409 (9th Cir. 1990) ........................... 9

Pettis Moving Co. Inc. v. Roberts, 784 F.2d 439 (2d Cir. 1986).................................... 9

Russell v. Wells Fargo Bank, N.A., 672 F. Supp. 2d 1008 (N.D. Cal. 2009) .................. 5

Schappel v. Motorists Mut. Ins. Co., 934 A.2d 1184 (Pa. 2007)....................................14

Skyline Homes, Inc. v. Dept. of Indus. Relations,
    211 Cal. Rptr. 792 (Cal. Ct. App. 1985) ..................................................................1

Truman v. DeWolff, Boberg & Assocs., Inc.,
    2009 U.S. Dist. LEXIS 57301 (W.D. Pa. July 7, 2009)............................. 9, 13, 15

Turner v. Mercy Health Sys., 2010 Phila. Ct. Com. Pl. LEXIS 146
    (Pa. C.C.P., Phila. Cty. Mar. 10, 2010) .......................................................11-13, 15

Vodenichar v. Halcon Energy Props., Inc.,
    2013 U.S. Dist. LEXIS 49111 (W.D. Pa. Apr. 4, 2013) ........................................14

Zulewski v. the Hershey Co., 2013 U.S. Dist. LEXIS 23448 (N.D. Cal. Feb. 20, 2013) .. 4


**STATE STATUTES**

43 P.S. § 333.101.................................................................................................................16

43 P.S. § 333.104(c) .....................................................................................................2, 6, 14

43 P.S. § 333.105(a)(5) ...................................................................................................... 4

**STATE REGULATIONS**

34 Pa. Code § 231.41 ................................................................................................. 6, 7, 14

34 Pa. Code § 231.43 ......................................................................................................*passim*

**FEDERAL STATUTES**

29 U.S.C. § 207(a)(2)........................................................................................................ 3

29 U.S.C. § 207(e) ........................................................................................................... 6

29 U.S.C. § 207(j) ............................................................................................................11

29 U.S.C. § 213(a)(1) .................................................................................................. 4

29 U.S.C. § 218(a) ....................................................................................................... 8

## FEDERAL REGULATIONS

29 C.F.R. § 778.112 ..................................................................................................... 6

29 C.F.R. § 778.114 .............................................................................................. *passim*

29 C.F.R. § 778.3(b)(5) ............................................................................................... 4

## OTHER AUTHORITIES

33 FR 986 (Jan. 26, 1968) ........................................................................................... 4

Fair Labor Standards Act Amendments of 1949, Subcomm. of the Comm. on Labor
       and Public Welfare (April 11, 12, 13, 14, 18, 19, 20, 21, and 22, 1949) ................. 5

Plaintiff David Verderame ("Plaintiff") submits this brief in support of his Motion for Partial Summary Judgment ("Motion") and pursuant to the Court's instruction that the parties file "appropriate motions and briefs addressing the following question:  Does Radioshack's use of the fluctuating workweek method ['FWM'] of calculating overtime pay violate the Pennsylvania Minimum Wage Act ['PMWA']?"  See Doc. 20.  As argued in this brief, the answer to the Court's question is "Yes," and, as such, the Court should hold that Defendant RadioShack Corporation's ("Defendant's") use of the FWM violates the PMWA.[1]

Plaintiff does not ask the Court to break any new ground.  As discussed herein, Western District of Pennsylvania Judges Cathy Bissoon and Joy Flowers Conti already have held that the FWM does not have any basis in the PMWA's statutory or regulatory text and that use of the FWM violates the PMWA.  See Foster v. Kraft Foods Global, Inc., 285 F.R.D. 343, 344-48 (W.D. Pa. 2012); Cerutti v. Frito lay, Inc., 777 F. Supp. 2d 920, 942-45 (W.D. Pa. 2011).[2]

This Court should follow Foster and Cerutti in holding that the FWM cannot be squared with the PMWA's plain statutory or regulatory language.  There's nothing unusual about such a holding.  Pennsylvania courts frequently interpret the PMWA to provide employees with overtime pay benefits that are substantially more generous than

---

[1]  As reflected in the accompanying proposed order, resolution of this Motion in Plaintiff's favor will not bring an end to this lawsuit.  The Court still must decide:  (i) whether to certify the lawsuit as a class action; and (ii) the damages owed to Plaintiff and the class members, including overtime pay, prejudgment interest, and attorney's fees/expenses.

[2]  At least three other states have held that the FWM contradicts their states' overtime laws.  See Dir., Labor and Indus. Div. v. Echostar Communications Corp., 134 P.3d 780 (N.M. Ct. App. 2006); Skyline Homes, Inc. v. Dept. of Indus. Relations, 211 Cal. Rptr. 792 (Cal. Ct. App. 1985); Dresser Indus., Inc. v. Alaska Dept. of Labor, 633 P.2d 998 (Alaska 1981).

those available under the federal Fair Labor Standards Act ("FLSA").  See pages 8-13 infra.[3]

### I.    THE FACTS AND LEGAL CLAIM

On April 5, 2013, Plaintiff commenced this class action lawsuit in the Philadelphia Court of Common Pleas, alleging that Defendant's use of the FWM violates the PMWA by failing to pay overtime compensation calculated at "not less than one and one-half times" the employee's regular pay rate for all hours worked over 40 in a week. See Complaint (Doc. 1-1) at Count I (quoting 43 P.S. § 333.104(c)).  Shortly thereafter, Defendant answered, see Doc. 1-3, and removed the lawsuit to this Court, see Doc. 1.

The pertinent facts are straightforward and undisputed.  Defendant operates a chain of retail stores located throughout Pennsylvania.  See Plaintiff's Statement of Undisputed Facts ("Plf. Stmt.") at ¶ 1.  Defendant employs hundreds of individuals at the Pennsylvania stores.  See id. at ¶ 2.  Plaintiff was so employed from January 24, 2012 until November 6, 2012.  See id. at ¶ 6.

Plaintiff and certain other Pennsylvania store employees "receive overtime premium compensation for hours worked over 40 during the workweek" and "are compensated pursuant to the "Fluctuating Workweek ["FWM"] standard described in 29 C.F.R. § 778.114."  See Plf. Stmt. at ¶¶  3, 8.  By using the FWM, Defendant is able to pay covered employees "an overtime premium on all hours worked over forty in a given week equal to *fifty percent* of [their] regular rate for such week for each hour worked over forty."  See id. at ¶ 4.   Since April 2010, Defendant's use of the FWM has enabled it

---

[3]  Notably, some lawyers are warning their corporate clients of the dangers of continuing to utilize the FWM in Pennsylvania, see Exhibit A, and some Pennsylvania employers have unilaterally abandoned the FWM and reimbursed their employees' for all unpaid overtime, see, e.g., Exhibit B.

to save over $5 million in overtime payments to its Pennsylvania employees.  <u>See</u> Plf.

Stmt. at ¶ 5 (emphasis supplied).

II.     <u>**ARGUMENT**</u>

A.   <u>**The FWM and Its Detrimental Impact on Employee Overtime Compensation.**</u>

The FLSA generally requires that employees receive overtime premium pay for hours worked over 40 during a week and that such premium pay be calculated at "not less than one and one-half times" the regular rate at which he is employed."  29 U.S.C. § 207(a)(2).  However, the FWM creates an exception to this requirement for certain salaried employees whose hours "fluctuate" from week to week.  In particular, the FWM provides in relevant part:

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, ***and if he receives extra compensation, in addition to such salary, for all overtime hours worked <u>at a rate not less than one-half his regular rate of pay</u>***.  Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at ***<u>one-half</u>*** such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

3

29 C.F.R. § 778.114 (a) (emphasis supplied).

The FWM has its genesis in a 1942 Supreme Court decision applying the FLSA's overtime pay mandate to a salaried non-exempt employee whose employment "involved wide fluctuations in the time required to complete his duties."  Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 574 (1942).  The FWM was later described by the Wage and Hour Division of the U.S. Department of Labor ("U.S. DOL") in a 1950 Interpretive Bulletin set out at 29 C.F.R. § 778.3(b)(5).  See Friedrich v. U.S. Computer Servs., Inc., 833 F. Supp. 470, 476 n. 5 (E.D. Pa. 1993).  The current, above-quoted version of the FWM was inserted into 29 C.F.R. § 778.114 in 1968.  See 29 C.F.R. § 778.114 (citing 33 FR 986 (Jan. 26, 1968)).

Make no mistake: the FWM ravages the amount of overtime pay owed to non-exempt salaried employees.[4]  This is because, under the FWM, employees merely receive half-time pay – rather than time and one-half pay – for their overtime work.  Many judges have commented on the severe and unfair degree to which the FWM prevents employees from receiving full overtime pay.  See, e.g., Zulewski v. the Hershey Co., 2013 U.S. Dist. LEXIS 23448, *15-16 (N.D. Cal. Feb. 20, 2013) (FWM "goes against the FLSA's intention of encouraging employers to spread employment among more workers, rather than employing fewer workers who must then work longer hours");[5] Hasan v. GPM Invs., LLC, 896 F. Supp. 2d 145, 147 (D. Conn. 2012) (discussing FWM's

---

[4]  Many salaried employees are ineligible for overtime pay because their general duties and responsibilities bring them within the "executive," "administrative," or "professional" exemptions to overtime coverage.  See 29 U.S.C. § 213(a)(1); 43 P.S. § 333.105(a)(5).  This lawsuit – like all lawsuits involving the FWM – concerns salaried employees who the employer already has deemed non-exempt from the FLSA/PMWA's overtime mandates.

[5]  Unreported decisions are collected in alphabetical order at Exhibit C.

"enormous" impact on overtime pay and explaining that FWM creates "perverse incentive" for companies to require long work hours); Russell v. Wells Fargo Bank, N.A., 672 F. Supp. 2d 1008, 1012 (N.D. Cal. 2009) ("difference between the [FWM] method and the traditional time-and-a-half method can result in an employee being paid seventy-one percent less for overtime over a given year").

As importantly, when the Pennsylvania legislature passed the PMWA in 1968 and the Pennsylvania Department of Labor and Industry ("Pa. L&I") finalized the PMWA regulations in 1977, see Friedrich, 833 F. Supp. at 476, controversy surrounding the FWM's was widely known and had been festering for many years.  For example, in April 1949, the U.S. Senate's Subcommittee of the Committee on Labor and Public Welfare conducted a hearing during which the International President of the American Federation of Labor's Office Employees International Union derogatorily referred to the FWM as "Chinese overtime."  See Exhibit D at 1030, 1034.  "This name stems from the fact that under this method of overtime computation, the more hours you work in a given week, the less per hour you will receive for your services, and in no event will you get more than an additional one-half of such diminishing hourly rate for your overtime work."  Id. at 1034.  Even to this day, the unpopular FWM is commonly and unfortunately referred to as "Chinese overtime."  See, e.g., Mitchell v. Firstrust Mortgage, Inc., 2013 U.S. Dist. LEXIS 16563, *4-5 (D. Kan. Feb. 7, 2013); Dacar v. Saybolt LP, 2011 U.S. Dist. LEXIS 6677, *4 (E.D.N.C. Jan. 24, 2011).

The point of the above discussion is not to debate the policy merits of the FWM under the FLSA.  Rather, the point is to explain that, in enacting the PMWA and drafting the PMWA regulations in the late-1960s and mid-1970s, Pennsylvania's policymakers were likely aware of the controversy surrounding the FWM.

### B.  **The PMWA Lacks Any Equivalent to the FWM.**

#### *1.  The PMWA Generally Requires that Employees Receive Extra Overtime Compensation Calculated at One and One-Half Times the Regular Pay Rate.*

The PMWA requires that employees receive overtime compensation calculated at a rate "***not less than one and one-half times***" the employee's regular rate of pay for all hours worked over 40 in a workweek.  *See* 43 P.S. § 333.104(c) (emphasis supplied).  This general rule is reiterated in the PMWA, which require that non-exempt employees "shall be paid for overtime ***not less than 1-1/2 times*** the employee's regular rate of pay for all hours in excess of 40 hours in a week."  34 Pa. Code § 231.41 (emphasis supplied).

#### *2.  Even Though the FWM Was Implemented Long Before the PMWA, the PMWA Regulations Do Not Include an FWM Exception to the General Rule that Employees Receive Extra Overtime Compensation Calculated at One and One-Half Times the Regular Pay Rate.*

Neither Defendant's submissions nor this Court's independent research will reveal any language in the PMWA or the accompanying PMWA regulations that mirrors or significantly tracks the FWM as described in 29 C.F.R. § 778.114.  Simply put, no such provision exists.

The lack of FWM language in the PMWA regulations is especially notable when one considers that many PMWA regulations are, in fact, lifted ***verbatim*** from the FLSA or FLSA regulations.  E.g., compare 34 Pa. Code § 231.43(1)-(7) with 29 U.S.C. § 207(e)(1)-(7); compare  34 Pa. Code § 231.43(b) with 29 C.F.R. § 778.112.

### 3. The PMWA Regulations Explicitly Use the "Half-Time" Terminology to Indicate Specific Exceptions to the General Rule that Overtime Compensation Must be Calculated at One and One-Half Times the Regular Pay Rate.

The PMWA regulations contain a provision addressing the calculation of overtime pay for day-rate employees.  <u>See</u> 34 Pa. Code § 231.43(b); <u>see</u> <u>also</u> <u>Foster</u>, 285 F.R.D. at 345 n. 2 (explaining that § 231.43(b) strictly applies to day-rate employees); <u>Friedrich</u>, 833 F. Supp. at 474-75 (same).  Notably, this day-rate provision explicitly uses the ***"half-time"*** terminology in explaining the manner in which the overtime pay of day-rate employees should be calculated.  In particular, the day-rate provision provides:

> If the employee is paid a flat sum for a day's work or for doing a particular job without regard to the number of hours worked in the day or at the job and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at the day rates or job rates in the workweek and dividing by the total hours actually worked.  ***He is then entitled to <u>extra half-time pay</u> at this rate for hours worked in excess of 40 in the workweek.***

34 Pa. Code § 231.43(b) (emphasis supplied).

This lawsuit does not concern day-rate employees.  Nonetheless, the PMWA's day-rate provision is significant because it demonstrates that, in drafting the PMWA's overtime pay regulations, the rulemakers were aware of the "half-time" terminology and explicitly used it when creating an exception to the general rule that employees receive "overtime not less than 1-1/2 times the employee's regular rate of pay."  34 Pa. Code § 231.41.

### 4.  34 Pa. Code § 231.43(d)(3) Does Not Authorize the FWM.

The PMWA's overtime regulations also contain a provision – 34 Pa. Code § 231.43(d)(3) – that deserves special attention because, in past cases, employers have incorrectly argued that it is analogous to the federal FWM.  See Foster, 285 F.R.D. at 345; Cerutti, 777 F. Supp. 2d at 943.  This provision provides:

> No employer may be deemed to have violated these §§ 231.41— 231.43 by employing an employee for a workweek in excess of the maximum workweek applicable to the employee under § 231.41 if, under an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in the workweek in excess of the maximum workweek applicable to the employee under § 231.41: . . . (3)  **Is computed at a rate not less than 1 1/2 times the rate established by the agreement or understanding as the basic rate** to be used in computing overtime compensation thereunder; and if the average hourly earnings of the employee for the workweek, exclusive of payments described in subsection (a)(1)—(7), are not less than the minimum hourly rate required by applicable law and if extra overtime compensation is properly computed and paid on other forms of additional pay required to be included in computing the regular rate.

34 Pa. Code § 231.43(d)(3) (emphasis supplied).

As clearly indicated, § 231.43(d)(3)'s requirement that overtime be awarded at "1 1/2 times" the agreed-upon rate  stands in direct contrast to the FWM's allowance of overtime pay equaling "one-half" the regular pay rate.  Compare 29 C.F.R. § 778.114(a) with 34 Pa. Code § 231.43(d)(3).

### C.  <u>The PMWA is More Employee-Friendly than the FLSA, and FLSA Overtime Restrictions Do Not Apply to the PMWA in the Absence of Clear Statutory or Regulatory Language.</u>

The FLSA anticipates that individual states will enact laws and regulations that are more generous to workers than their FLSA counterparts.  See 29 U.S.C. § 218(a); see

also Knepper v. Rite Aid Corp., 675 F.3d 249, 262 (3d Cir. 2012) (discussing FLSA's "savings clause").  As one circuit court observed:  "the purpose behind the FLSA is to establish a national floor under which wage protections cannot drop, not to establish absolute uniformity in minimum wage and overtime standards nationwide at levels established in the FLSA."  Pac. Merch. Shipping Ass'n v. Aubry, 918 F.2d 1409, 1425 (9th Cir. 1990); accord Pettis Moving Co. Inc. v. Roberts, 784 F.2d 439, 441 (2d Cir. 1986); Truman v. DeWolff, Boberg & Assocs., Inc., 2009 U.S. Dist. LEXIS 57301, *5-7 (W.D. Pa. July 7, 2009); In re: Cargill Meat Solutions Wage & Hour Litig., 632 F. Supp. 2d 368, 393 (M.D. Pa. 2008); Bayada Nurses, Inc. v. Pa. Dept. of Labor & Indus., 8 A.2d 866, 882-83 (Pa. 2010); Pa. Dept. of Labor & Indus. v. Whipple, 6 Pa. D. & C. 4th 418, 421-22 (Pa. C.C.P., Lycoming Cty. 1989).

Consistent with the above principle, Pennsylvania courts refuse to casually apply FLSA overtime restrictions to PMWA claims seeking more expansive overtime coverage or more generous overtime pay.  On the contrary, Pennsylvania courts impose FLSA restrictions on PMWA claims *only if* such restrictions are justified based on the PMWA's clear statutory or regulatory language.

The seminal case in this regard is Bayada, supra, wherein the Pennsylvania Supreme Court was called upon to decide whether the PMWA's "domestic services" exemption from overtime coverage should be applied as expansively as its FLSA counterpart.  In arguing that the PMWA exemption should be interpreted to include home health workers employed by third-party agencies, Bayada Nurses – itself a third-party agency – stressed that the pertinent FLSA exemption covered such employees. See Bayada, 8 A.3d at 877-78; see also Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158 (2007) (holding that FLSA's domestic services exemption covers employees of third-

9

party agencies).  In particular, Bayada Nurses argued "that, because the FLSA and the [PMWA] parallel one another, the federal and state laws should be read *in pari materia*," Bayada, 8 A.3d at 878, and that "the language under the FLSA and the [PMWA] are ***nearly identical***, id. (emphasis supplied).  In response, the Commonwealth emphasized that the PMWA regulation defining the term "domestic service" – unlike the comparable FLSA regulation – was strictly limited to include only individuals employed directly by the householder and, therefore, does not include individuals employed by third-party agencies.  See id. at 879-80.

Faced with the above arguments, the Supreme Court carefully compared the PMWA's statutory/regulatory language to the FLSA counterparts and held that the PMWA "domestic services" exemption does not include employment for a third-party agency, and, therefore, Pennsylvania home health aides employed by third-party agencies are entitled to overtime premium pay.  See Bayada, 8 A.2d at 880-83.  In so holding, the Supreme Court strictly applied the plain language of the PMWA's statutory/regulatory text and refused to overlook textual differences between the competing PMWA and FLSA provisions.  See id.  It did not matter to the Supreme Court that this analysis resulted in Pennsylvania home health workers receiving overtime pay that is unavailable to them under the FLSA:

> While the [PMWA]'s exemption for domestic services is more limited than the federal exemption, it is permissible for a state to enact more beneficial wage and hour laws. Indeed, the federal statute establishes only a national floor under which wage protections cannot drop, but more generous protections provided by a state are not precluded.  Courts confronting related issues have held that the FLSA does not prohibit state regulation of wages and overtime if the state's standards are more beneficial to workers.  Thus, the Commonwealth Court properly concluded that: the FLSA does not supersede state law; Pennsylvania may enact and impose more generous overtime provisions than those

> contained under the FLSA which are more beneficial to
> employees; and it is not mandated that state regulation be read
> identically to, or *in pari materia* with, the federal regulatory
> scheme. Thus, we reject Bayada's assertion that federal law
> compels a different result than that reached by the
> Commonwealth Court.

Id. at 883 (internal citations omitted).

Bayada is just one of several cases in which Pennsylvania courts refuse to automatically impose FLSA overtime restrictions on PMWA claims.  In another series of cases, health care employees asserted that the PMWA barred their Pennsylvania employers from utilizing the "8/80" method of overtime computation to determine their overtime pay.  See Bordell v. Geisinger Med. Cent., 2013 Pa. Dist. & Cnty. Dec. LEXIS 37 (Pa. C.C.P., Northumberland Cty. May 6, 2013); LeClair v. Diakon Lutheran Soc. Ministries, 2013 Pa. Dist. & Cnty. Dec. LEXIS 1 (Pa. C.C.P., Lehigh Cty. Jan. 14, 2013); Turner v. Mercy Health Sys., 2010 Phila. Ct. Com. Pl. LEXIS 146 (Pa. C.C.P., Phila. Cty. Mar. 10, 2010).  The 8/80 method, which is expressly permitted under the FLSA, see 29 U.S.C. § 207(j), provides certain health care providers with an exception to the general rule that the overtime premium be paid whenever an employee works over 40 hours in a 7-day workweek, and, instead, allows overtime to be paid for hours worked over 80 hours in a 14-day period or over 8 hours in a single day.   The PMWA – prior to a July 2012 amendment – was silent on the issue.

The Bordell, LeClair, and Turner Courts carefully analyzed the PMWA's statutory and legislative language, see Bordell, 2013 Pa. Dist. & Cnty. Dec. LEXIS 37, at *2-12; LeClair, 2013 Pa. Dist. & Cnty. Dec. LEXIS 1, at *6-8; Turner, 2010 Phila. Ct. Com. Pl. LEXIS 146, at *3-9, 11-13, and applied the basic rule that statutes and regulations must be interpreted based on their plain meaning, see Bordell, 2013 Pa. Dist. & Cnty. Dec.

LEXIS 37, at *6; LeClair, 2013 Pa. Dist. & Cnty. Dec. LEXIS 1, at *9; Turner, 2010 Phila.

Ct. Com. Pl. LEXIS 146, at *5-6, 8.  Based on this analysis, the Courts refused to

interpret the PMWA's **silence** regarding the federal 8/80 method as permitting its use.

See Bordell, 2013 Pa. Dist. & Cnty. Dec. LEXIS 37, at *11 ("Because the language of the

[P]MWA and [it's] implementing regulations does not expressly allow Defendant to

utilize the 8/80 system, Plaintiff's claims that Defendant violated the [P]MWA by

utilizing the 8/80 system will be permitted to proceed."); LeClair, 2013 Pa. Dist. & Cnty.

Dec. LEXIS 1, at *9 ("Thus, there is no need to look beyond the words of the PMWA to

conclude that Diakon's use of the 8/80 Rule is not permitted."); Turner, 2010 Phila. Ct.

Com. Pl. LEXIS 146, at *7-8 ("The above language which permits an 8-80 Period is

notably absent from the [PMWA]. . . .  This Court may not speculate as to the intent of

the General Assembly where the words and phrases of the statute are clear. . . .  The

[P]MWA does not make reference to an 8-80 Period.  This Court cannot incorporate the

language of section 7(j) of the FLSA into the law here.").

   In Bordell, LeClair, and Turner, the employers argued that 34 Pa. Code

§231.43(d)(3)[6] is sufficiently **similar** to the FLSA's 8/80 system to fall within the

PMWA's overtime scheme.  See Bordell, 2013 Pa. Dist. & Cnty. Dec. LEXIS 37, at *5-6;

LeClair, 2013 Pa. Dist. & Cnty. Dec. LEXIS 1, at *7-8; Turner, 2010 Phila. Ct. Com. Pl.

LEXIS 146, at *11-12.  Each Court rejected this argument as going beyond the plain

meaning of the PMWA's statutory and regulatory language.  See Bordell, 2013 Pa. Dist.

& Cnty. Dec. LEXIS 37, at *6-7; LeClair, 2013 Pa. Dist. & Cnty. Dec. LEXIS 1, at *9-10;

Turner, 2010 Phila. Ct. Com. Pl. LEXIS 146, at *12-13.  In Turner, the Court noted that if

Pennsylvania's legislators or rulemakers desired to include the FLSA's 8/80 method in

---

[6]  Discussed at page 8 supra.

the PMWA, they would have clearly done so by enacting language mirroring the FLSA's 8/80 provision.  See id.

Judge Cohill's decision in Truman, supra, also is instructive.  There, a Pennsylvania employer asserted that the PMWA did not apply to foreign work even though, "[u]nlike the FLSA, the PMWA does not contain an explicit exemption for work performed outside of the United States."  See Truman, 2009 U.S. Dist. LEXIS 57301, at *5.  Judge Cohill refused to impose the FLSA's foreign work exemption on the PMWA based on the PMWA's mere silence.  See id. at *4-11.  "If the Pennsylvania legislature had wanted to exempt foreign work from the PMWA it could have expressly included that exemption within the PMWA."  Id. at *8; see also In re Cargill, 632 F. Supp. 2d at 392-94 (employer's FLSA's Section 3(o) defense not applicable to PMWA claim because PMWA does not explicitly provide similar defense); Whipple, 6 Pa. D. & C. 4th at 421-22 (holding "that the FLSA's agricultural overtime exemptions do not affect coverage under [the PMWA]").

The above court decisions leave no doubt:  FLSA overtime restrictions do not apply to PMWA claims in the absence of clear and unambiguous language within the PMWA or PMWA regulations adopting such restrictions.  And, the PMWA's mere silence with respect to an FLSA provision is insufficient to permit the FLSA's encroachment into the overtime payment scheme established by the Commonwealth of Pennsylvania.

### D.  Defendant Is Liable Because Neither the PMWA Nor the PMWA Regulations Adopt the FWM.

"The most fundamental rule of statutory construction is the plain meaning rule, which provides that if a statute is not ambiguous, then this Court must apply the statute

according to its terms." Vodenichar v. Halcon Energy Props., Inc., 2013 U.S. Dist.
LEXIS 49111, *15 (W.D. Pa. Apr. 4, 2013) (citing cases); accord Cheng v. Attorney
General of the United States, 623 F.3d 175, 186 (3d Cir. 2010) ("If the plain meaning of
the statute is unambiguous, then the statutory text controls, and no deference to the
agency's interpretation of that text is called for."); see, e.g., Greenfish II, L.P. v. Int'l
Portfolio, Inc., 2012 U.S. Dist. LEXIS 102661, *12 (E.D. Pa. July 24, 2012) (Goldberg,
J.).  Moreover, this rule of statutory construction applies equally to the interpretation of
state regulations.  See Lewis v. Atlas Van Lines, Inc., 542 F.3d 403, 409 (3d Cir. 2008)
(citing cases).  As the Pennsylvania Supreme Court instructs:  "In interpreting an
administrative regulation, as in interpreting a statute, the plain language of the
regulation is paramount."  Schappel v. Motorists Mut. Ins. Co., 934 A.2d 1184, 1187 (Pa.
2007).

    As discussed at pages 8-13 supra, Pennsylvania judges consistently apply the
above principle in refusing to impose FLSA overtime restrictions on the PMWA.  Here,
this Court's application of the "plain meaning rule" will produce a similar result:

    The PMWA is not ambiguous.  It plainly requires that employees receive overtime
compensation "***not less than one and one-half times***" the employee's regular rate
of pay for all hours worked over 40 in a workweek.  *See* 43 P.S. § 333.104(c) (emphasis
supplied).  Likewise, the companion PMWA regulation plainly requires that non-exempt
employees "shall be paid for overtime ***not less than 1-1/2 times*** the employee's
regular rate of pay for all hours in excess of 40 hours in a week."  34 Pa. Code § 231.41
(emphasis supplied).

    The FWM cannot be squared with the above-quoted statutory and regulatory
language.  As discussed at pages 3-5 supra, the FWM permits, under certain conditions,

an employee to be paid "***at a rate not less than <u>one-half</u> his regular rate of pay***." 29 C.F.R. § 778.114(a) (emphasis supplied).  The FWM's half-time language flatly contradicts the plain meaning of the PMWA's rule that employees receive overtime calculated at "one and one-half times" their regular rate.  This brings an end to any dispute, because no Pennsylvania analogue to the FWM exists.  <u>Bayada</u>, <u>Bordell</u>, <u>LeClair</u>, <u>Turner</u>, and <u>Truman</u> (discussed at pages 9-13 <u>supra</u>) make it abundantly clear that the PMWA's mere ***silence*** regarding the FWM does not permit Defendant to unilaterally graft the FWM into Pennsylvania law.

As Judge Bissoon recently observed in refusing to apply the FWM to a PMWA claim, Pennsylvania policymakers are well aware of the FLSA regulations, as indicated by their verbatim copying of language lifted directly from certain FLSA provisions.  <u>See</u> <u>Foster</u>, 285 F.R.D. at 345; <u>see also</u> page 6 <u>supra</u> (providing examples of PMWA regulations that mirror FLSA provisions).  "Had the Pennsylvania regulatory body wished to authorize [the FWM] it certainly knew how to do so."  <u>Foster</u>, 285 F.R.D. at 345.

Defendant might argue that the FWM is permitted by 34 Pa. Code § 231.43(d)(3).  But, as discussed at page 8 <u>supra</u>, this provision explicitly requires overtime pay "computed at a rate ***not less than 1 1/2 times*** the rate established by the agreement or understanding as the basic rate."  34 Pa. Code § 231.43(d)(3) (emphasis supplied).  Thus, as Judges Bissoon and Conti have concluded, § 231.43(d)(3) cannot justify a "half-time" payment scheme such as the FWM.  <u>See</u> <u>Foster</u>, 285 F.R.D. at 345-46; <u>Cerutti</u>, 777 F. Supp. 2d at 945.[7]

---

[7]  By Defendant's own admission, its FWM compensation plan merely paid Plaintiff "an overtime premium on all hours worked over forty in a given week equal to ***fifty***

Moreover, as explained by Judge Bissoon, § 231.43(d)(3)'s use of the "1 ½ times" terminology stands in stark contrast to the PMWA's explicit use of the "half-time" terminology in a companion provision located at 34 Pa. Code § 231.43(b).  See Foster, 285 F.R.D. at 345; see also page 7 supra (discussing 34 Pa. Code § 231.43(b)).  This indicates that the Pennsylvania rulemakers intentionally sought to ensure that §231.43(d)(3) would preclude half-time payment plans.  See Hamden v. Rumsfeld, 548 U.S. 557, 578 (2006) ("A familiar principle of statutory construction . . . is that a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the statute."); accord Alaka v. Attorney General, 456 F.3d 88, 97-98 (3d Cir. 2006).

Had the Pennsylvania legislature or rulemakers desired to endorse the FWM, they would have explicitly done so in the statutory or regulatory text.  Their refusal to do so is unsurprising.  The PMWA, after all, is a remedial statute that generously benefits Pennsylvania employees, see 43 P.S. § 333.101 (reciting public policy behind PMWA), and often extends beyond the reaches of the FLSA, see pages 8-13 supra.  The FWM, on the other hand, is a controversial overtime pay scheme that has been criticized as profoundly unfair to employees.  See pages 4-5 supra.  In the absence clear legislative or regulatory authority, no rationale exists for imposing the FWM into a law as remedial and progressive as the PMWA.[8]

In sum, this Court should join Judges Bissoon and Conti in refusing to extend the FWM to PMWA overtime claims.

---

**percent** of [his] regular rate for such week for each hour worked over forty."  Plf. Stmt. at ¶ 4 (quoting Rule 26(f) Report (Doc. 18) at § 1) (emphasis supplied).
[8] Other states have similarly held that the FWM is prohibited under their state overtime laws.  See footnote 2 supra.

### III.   <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and enter the accompanying proposed order.

Date:  October 24, 2013                    Respectfully,

<u>/s/ Peter Winebrake</u>
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
Phone:  (215) 884-2491

Paul J. Lukas*
Timothy Selander*
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Phone:  (612) 256-3200

*admitted *pro hac vice*

*Attorneys for Plaintiff*

17