IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID VERDERAME, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:13-2539 |
| | : | |
| RADIOSHACK CORPORATION, | : | |
| Defendant. | : | |
| | : | |

**Goldberg, J.**                                                          **July 10, 2014**

## MEMORANDUM OPINION

This case involves a putative class action alleging that RadioShack Corporation's use of the "fluctuating workweek" method for calculating overtime violates the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101-115. Before me are several motions which directly address this issue.[1] After careful consideration, I conclude that RadioShack's method of computing overtime violates the PMWA's requirement that employees be paid overtime "not less than one and one-half times the employee's regular rate." 43 P.S. § 333.104(c).

## I.      Factual Background[2]

RadioShack operates a chain of retail electronics stores and employs hundreds of individuals throughout Pennsylvania. (Compl. ¶¶ 7-10.) Plaintiff was employed by RadioShack for approximately 10 months in 2012 as a store manager, and was classified by the company as non-exempt from the overtime pay mandate of the PMWA. (Compl. ¶ 15; Pl's Stat. Facts ¶¶ 6-

---

[1]  Plaintiff has submitted a motion for partial summary judgment, while Defendant has filed a motion for judgment on the pleadings. Additionally, Defendant has filed a motion to strike, objecting to several pieces of "evidence" attached to Plaintiff's motion as exhibits.

[2]  The facts necessary to decide the legal issue before me are undisputed.

7.) Plaintiff was paid a weekly salary, and RadioShack calculated Plaintiff's overtime pay using a fluctuating workweek method, as it does with over 100 of its other employees. (Compl. ¶¶ 11-12, 16.) This method is described in RadioShack's "Non-Exempt Store Manager Compensation Plan," and states:

> **Overtime**: The Non-Exempt Store Manager is eligible to receive overtime. Overtime will be paid on all earnings in accordance with applicable State and Federal law. Overtime on the weekly base salary amount will be paid at one-half the calculated regular rate (obtained by dividing the total number of hours worked in the workweek into the weekly base salary amount for all hours worked over forty (40) in any workweek).

(Def.'s Mem. Supp. Mot. for JOP Ex. D.)

## II.    The Fluctuating Workweek Method Under the Fair Labor Standards Act

The fluctuating workweek method used by RadioShack emanates from the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201-19.  In order to better understand the differences in RadioShack's overtime calculation and calculations under the PMWA, I will first review the fluctuating workweek under the FLSA.

Among several other federal wage and hour regulations, the FLSA provides that an employer may not require or allow an employee to work for more than forty hours in a week, unless the employee "receives compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). For an employee working at an hourly wage, this formula is simple to calculate. Someone making $10 per hour is entitled to receive $15 for the forty-first hour worked, and every hour thereafter. The calculation becomes trickier however, when the employee is paid a fixed salary for a job whose hours vary from week-to-week.

This situation was addressed by the United States Supreme Court in <u>Overnight Motor Transportation Co. v. Missel</u>, 316 U.S. 572 (1942). There, an employee of a trucking company

was paid a wage of $27.50 per week for hours that fluctuated widely but averaged 65 per week. Id. at 574. The Court, called upon to determine the trucker's entitlement to overtime, was required to interpret the words "regular rate at which he is employed," in order to allow for proper calculation of time-and-a-half. Id. at 579. The Court found that for an employee with a fixed wage for "variable or fluctuating hours," the regular rate was to be computed by dividing the weekly salary by the actual hours worked. Id. at 580. Although the Court recognized that this would produce a different "regular rate" for each week, and would result in the rate decreasing with each additional overtime hour, it concluded that this was the nature of a salaried position. Id. at 580. Overtime could then be paid by adding an additional half-time for each hour of overtime worked. Id.

The Supreme Court's method of overtime calculation was incorporated into the regulations interpreting the FLSA in 1968. As it currently reads, this regulation provides:

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

29 C.F.R. § 778.114(a).

The regulations themselves provide a helpful example regarding overtime calculations for a fluctuating workweek. Where an employee earning a salary of $600 for the week works 50 hours, his "regular rate" is 600/50, or $12/hour. Overtime is then calculated by adding an extra half-time ($6) for each of the 10 hours worked over 40, with the result being a total salary for the week of $660. In the view of the federal regulations, this results in the employee being paid for 40 hours at $12.00, and 10 hours at $18.00. 29 C.F.R. § 778.114(a). As the Supreme Court recognized in the Overtime Motor case, this calculation means that the employee's hourly rate decreases as he or she works more hours.

There is no dispute that this is how RadioShack calculates overtime pay for Plaintiff and it thus appears that RadioShack's fluctuating workweek method is compliant with the FSLA regulations. The comparable Pennsylvania statute and regulations at issue here are, however, different in several important aspects.

### III.    RadioShack's Fluctuating Workweek Plan Under the Pennsylvania Minimum Wage Act

The PMWA, 43 P.S. § 333.101-115, provides for a variety of wage and hour restrictions at the state level. Generally, it provides that "[e]mployes shall be paid for overtime not less than one and one-half times the employee's regular rate as prescribed in regulations promulgated by the secretary." 43 P.S. § 333.104(c). However, unlike the FSLA regulations, the PMWA contains no express language authorizing the use of the fluctuating workweek method of overtime calculation. Nonetheless, RadioShack contends its method of compensating Plaintiff for overtime fits within 34 Pa. Code § 231.43(d)(3), which, in relevant part states:

> (d) No employer may be deemed to have violated [the PMWA's overtime requirements] by employing an employee for a workweek in excess of [40 hours] if, under an agreement or understanding arrived at between the employer and the

employee before performance of the work, the amount paid to the employee for the number of hours worked by him in the workweek in excess of [40 hours] . . .

> (3) [i]s computed at a rate not less than 1 ½ times the rate established by the agreement or understanding as the basic rate to be used in computing overtime compensation thereunder…

Id.

Despite the fact that RadioShack's compensation plan states that overtime will be "paid at one-half the calculated rate," RadioShack insists that its plan is harmonious with the "not less than 1 ½ times" language of 34 Pa. § 231.43(d)(3). Plaintiff responds that RadioShack's use of this method is in fact prohibited by the PMWA because it only compensates overtime at "½ times" the basic rate, instead of the "1 ½ times" expressly required by § 231.43(d)(3).

## IV.     Legal Standards

Before the court are two motions:  Plaintiff's motion for partial summary judgment; and Defendant's motion for judgment on the pleadings.

Plaintiff's motion for summary judgment is reviewed under the familiar standard of Rule 56(a). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to produce

5

sufficient evidence to allow a reasonable jury to return a verdict in its favor.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).

In contrast, when deciding a motion for judgment on the pleadings, the court applies the

same standard as it does to a motion to dismiss pursuant to Rule 12(b)(6). Turbe v. Gov't of the

Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). The court accepts the facts pled in the

complaint as true and construes them in the light most favorable to the plaintiff. Semerenko v.

Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). To survive judgment on the pleadings, the

complaint must contain more than blanket assertions or conclusory allegations; rather, it must

include "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on

its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer

possibility that a defendant has acted unlawfully." Id. Additionally, "[e]xhibits attached to a

pleading may be considered on a 12(c) motion, since under rule 10(c), '[a] copy of a written

instrument that is an exhibit to a pleading is a part of the pleading for all purposes.'" Mobley v.

Tarlini, 641 F.Supp.2d 430, 437 (E.D. Pa. 2009) (quoting FED. R. CIV. P. 10(c)).

**V.      Legal Analysis**

The issue before me has been addressed by two other courts in this district.  Foster v.

Kraft Foods Global, Inc., 285 F.R.D. 343 (W.D. Pa. 2012), and Cerutti v. Frito Lay, Inc., 777 F.

Supp. 2d 920 (W.D. Pa. 2011), both held that the fluctuating workweek method of overtime

calculation is impermissible under the PMWA.

In Cerutti, a putative class of delivery truck drivers brought an action against their

employer alleging violations of the PMWA overtime provisions. Plaintiffs were paid a salary

plus commission on a weekly basis, and neither party disputed the fact that Defendant calculated

overtime pursuant to a fluctuating workweek method. As Defendant "concede[d] that it paid plaintiffs pursuant to . . . § 231.43(d)," the Court held that Defendant could not "comply with that section without paying plaintiffs at an OT rate of one and one-half times the plaintiffs' regular rate." Cerutti, 777 F. Supp. 2d at 945.

Like Cerutti, the Plaintiff in Foster brought an action against her employer for violations of the PMWA overtime provisions. The Foster court, relying primarily on the analysis in Cerutti, observed that a plain reading of § 231.43(d)(3) yields no other result than one which requires employers to pay non-exempt salaried employees overtime "at a rate not less than 1 ½ times the [basic rate]." Id.

RadioShack disagrees with the outcomes in Foster and Cerutti and contends that the "½ times" calculation under the fluctuating workweek method yields a result that is consistent with the language of § 231.43(d)(3). For the following reasons, I disagree with RadioShack and will follow the reasoning of Foster and Cerutti.

Applying the "1 ½ times" language of section 231.43(d)(3) to the $600 for a 50-hour workweek example yields the following results.  The regular rate as described in RadioShack's compensation plan ("the agreement") is calculated at $600/50hrs., which equates to $12/hr.  The plain language of section 231.43(d)(3) then instructs that $12/hr. be multiplied by "1 ½ times." This results in an overtime premium of $18 for every hour over forty, and a total salary of $780 for the week.

RadioShack disagrees with this calculation method, urging that the language of section 231.43(d)(3) is mathematically vague, and therefore subject to multiple interpretations. It claims that as a matter of "mathematical fact," its calculation amounts to time and one half as is required by the PMWA.

While RadioShack's compensation plan may be permissible under the FLSA, it cannot be reconciled with the plain language of § 231.43(d)(3). Indeed, while an overtime rate of "one half" is clearly stated in other regulatory language, it is conspicuously absent from section 231.43(d). As the court in Foster noted, "[h]ad the Pennsylvania regulatory body wished to authorize one-half time payment under section 231.43(d), it certainly knew how to do so." Foster, 285 F.R.D. at 345 (commenting on the identical language of 34 Pa.Code § 231.43(b) and 29 C.F.R. § 778.112). Although section 231.43(b) pertains to a flat sum for a day's work, and not as here, a fluctuating workweek, the language used in each certainly illustrates the regulatory bodies' willingness to set out "one half" overtime standards. These two sections provide, in relevant part:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job . . . his regular rate is determined by totaling all the sums received at the day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled *to extra half-time pay at this rate* for hours worked in excess of 40 in the workweek.

29 C.F.R. § 778.112 (emphasis added); 34 Pa. Code § 231.43(b). I thus conclude that the absence of the "half-time" language in section 231.43(d)(3) and the inclusion of "not less than 1 ½ times" is indicative of Industrial Board of the Department of Labor's intent in drafting the regulations at issue.

Friedrich v. U.S. Computer Servs., Inc., 833 F. Supp. 470, 476 (E.D. Pa. 1993), is also instructive on the absence of any language in § 231.43(d)(3) supporting RadioShack's calculation method. There, the court stated:

> The fact that § 231.43(b) is analytically identical to the two federal regulations [29 C.F.R. §§ 778.112 and 778.114]—and exactly identical to one of them, § 778.112—indicates that the Industrial Board of the Department of Labor and Industry knew about the federal regulations when drafting the state regulations. The Industrial Board adopted—verbatim—one of the regulations, but did not

adopt the other. To hold that the Industrial Board intended to adopt both federal regulations, even though the language of only one appears in the state regulations, would be to ignore what the Industrial Board actually did. While it might be convenient for defendant and other multi-state employers if federal law and Pennsylvania law were identical on the issue of overtime compensation, the fact is that they are not.

Id.[3]

RadioShack further presses that Cerutti and Foster are flawed because they fail to take into account the "under an agreement or understanding" language in section 231.43(d)(3). RadioShack urges that because the compensation plan provides for a base salary for all hours worked in a week, the employee is only then entitled to half time for any hours worked over 40. I reject this argument because, while section 231.43(d)(3) does allow for an "agreement or understanding" as to the "basic rate," it does not permit the employer and employee to contract around the requirement that overtime be paid at "1 ½ times" that rate.

Turner v. Mercy Health System, 2010 WL 6761223 (Pa. Comm. Pl. Ct. March 10, 2010), supports my conclusion. There, the court was required to address whether an eight hour per day, eighty hour per two week period overtime compensation method was permissible under 34 Pa. Code § 231.43(d). Although the decision in Turner is not binding, I nonetheless find the court's analysis of § 231.43(d) persuasive:

> Defendants argue that since they have an agreement or understanding with Turner that provides for some sort of overtime, that the 8-80 Period is permitted under the [PMWA]. This Court does not agree. Upon review of 34 Pa.Code § 231.43(d) in its entirety, there is no exception to the definition of workweek, nor is there an exception to the requirement that employees who work more than 40 hours during the workweek are entitled to at least one and a half times their regular rate. The fact that there is an agreement between Turner and his class members and

---

[3] I note that the first draft of section 231.43 did not include the language set forth in the current version of § 231.43(b). See 6 Pa.B. 2295 (1976). However, that language was included in the "Proposed Rules" section of 7 Pa.B. 27 (1977). Therefore, it appears the department made a conscious decision to explicitly adopt the "half-time" language of the federal regulation for day rate employees, without doing so for employees covered by section 231.43(d).

> Defendants that sets forth a regular rate and sets forth the 8-80 Period does not
> mean that Defendants are not required to pay one and a half times the regular rate
> to employees who work more than forty hours during the workweek. 34 Pa.Code
> § 231.43(d) does not permit employers and employees from agreeing to violate
> the [PMWA].

Turner, 2010 WL 6761223.[4]

In short, I decline to interpret the "agreement or understanding" language in section 231.43(d) as permitting an employer to circumvent the specific "1 ½ times" language set forth in the very same section. RadioShack "cannot have it both ways." Cerutti, 777 F. Supp. 2d at 945. On one hand, Radio Shack interprets the regulation to allow for the "basic rate" calculation according to an "agreement or understanding," while on the other hand arguing that it need not pay the full "1 ½ times" that rate for overtime. But as the Cerutti court observed, in order to take advantage of the "agreement or understanding" language, an employer must accept the burden of paying "1 ½ times" the rate that results therefrom.[5]

Finally, contrary to RadioShack's assertions, our holding is consistent with the objectives of both the FLSA and the PMWA.  First, the FLSA was meant to "establish a national floor under which wage protections cannot drop, not to establish absolute uniformity in minimum wage and overtime standards nationwide at levels established in the FLSA." Pac. Merch. Shipping Ass'n v. Aubry, 918 F.2d 1409, 1425 (9th Cir. 1990). Second, both state and federal

---

[4] The Pennsylvania General Assembly amended the PMWA in 2012 to explicitly allow the 8-80 workweek, effectively overruling Turner. 2012 Pa. Legis. Serv. Act 2012-109.

[5] RadioShack also relies on a later Friedrich case for support of their contention that the fluctuating workweek is permissible under the PMWA. In that case, the court was called upon to determine whether or not there was an "agreement or understanding" between the parties. As part of its holding, the court accepted the undisputed substantive compliance with section 231.43(d)(3), and only decided whether or not there was an "agreement or understanding." I conclude, as the Foster court did when presented with a similar argument, that RadioShack reads too much into that decision. The court in Friedrich only decided the narrow issue before it, and "[t]here is no indication that the court independently considered or determined whether overtime payment at one-half regular time satisfies section 231.43(d)(3)." Foster, 285 F.R.D. at 346.

courts in Pennsylvania have often interpreted the PMWA's regulations to be more expansive than the baseline federal regulations. See, e.g., In re Cargill Meat Solutions Wage & Hour Litig., 632 F. Supp. 2d 368, 394 (M.D. Pa. 2008) (discussing how PMWA is "more protective" of individual employee rights); see also, Pennsylvania Dep't of Labor & Indus. v. Whipple, 6 Pa. D. & C.4th 418 (Pa. Com. Pl. Ct. 1989) (discussing how nothing in FLSA is meant to preempt state wage and hour laws).

Likewise, in Bayada Nurses, Inc. v. Com., Dep't of Labor & Indus., 8 A.3d 866 (Pa. 2010), the Supreme Court of Pennsylvania was asked to determine how to interpret the "domestic services" exemption of the PMWA's overtime provisions. At the time of the Court's holding, it was well established that the federal exemption relating to "domestic services" was more expansive than the state regulation. Id. at 877-78. But despite nearly identical language between the two, the Supreme Court held that the state exemption was only meant to cover individuals directly employed by the householder, not those who were employed by third party agencies. Id. at 883. In its reasoning, the Court noted, in relevant part:

> Thus, the Commonwealth Court properly concluded that: the FLSA does not supersede state law; Pennsylvania may enact and impose more generous overtime provisions than those contained under the FLSA which are more beneficial to employees; and it is not mandated that state regulation be read identically to, or *in pari materia* with, the federal regulatory scheme. Thus, we reject Bayada's assertion that federal law compels a different result than that reached by the Commonwealth Court.

Bayada, 8 A.3d at 883.[6]

---

[6] We also find, as both the Cerutti and Foster courts did, that the Pennsylvania Labor Law Compliance Division Letter opining on the acceptability of the fluctuating workweek method under the PMWA, is not persuasive. The letter references a non-binding prediction made by an employee in the Office of Chief Counsel, and explicitly states that "[t]he issue of fluctuating workweek is a matter of law that requires judicial interpretation and resolution." (Def.'s Mem. Supp. Mot. for JOP Ex. E at 4.)

**VI.      Conclusion**

RadioShack has been compensating Plaintiff using the fluctuating workweek method as set forth in 29 C.F.R. § 778.114. While this method of compensation may be lawful under the baseline federal regulation, the same cannot be said as it applies to the more employee-friendly Pennsylvania regulation. Upon a reading of the plain regulatory language of 34 Pa.Code § 231.43(d)(3), I hold that RadioShack violated the PMWA by not compensating Plaintiff for overtime at "1 ½ times" the basic rate as set forth in their compensation plan.

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment (Doc. 23) will be granted, and Defendant's Motion for Judgment on the Pleadings (Doc. 22) will be denied. Additionally, Defendant's Motion to Strike (Document 25) will be denied as moot.[7]

An appropriate order follows.

---

[7] This holding was not predicated on any of the documents contained in Pl's. Mem. Supp. Sum. J. Ex.'s A, B, and D as they were irrelevant to the Court's decision.